2018CV04379

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 11/6/2018 2:22 PM
Accepted By: Allison Humes
_____
Deputy Clerk

## CAUSE NO: 2018-CV-04379

| | | |
|---|---|---|
| **PETE PEREZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| | § | |
| **PHILLIP HANO AND CERA HANO** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION WITH INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**COMES NOW, PETE PEREZ,** hereinafter also referred to as "Plaintiff", complaining of **CERA HANO AND PHILLIP HANO,** hereinafter also collectively referred to as "Defendants", and for causes of action would respectfully show unto the Court the following facts:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Texas Rules Civil Procedure, Rule 190.4, Plaintiff seeks a discovery control plan under Level 3.

### II.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

While Plaintiff believes that the valuation of the damages is uniquely within the purview of the jury, plaintiff is required by Rule 47 of the Texas Rules of Civil Procedure to give an amount which is being sued for in this cause of action.

Page **1** of **9**

## *EXHIBIT A*

Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.

This court has jurisdiction over the parties because Plaintiff and at least one Texas Defendant is a Texas resident.

Venue in BEXAR County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county, and under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because at least one of the Defendants is a resident of Bexar County, Texas, and under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because at least one of the Defendants which is not a natural person has its principal office in Bexar County, Texas.

### III.

### PARTIES AND SERVICE

Plaintiff, **PETE PEREZ,** is an individual residing in San Antonio, Bexar County, Texas.

Defendant, **CERA HANO** , is an individual who is a non-resident of Texas. Defendant, **CERA HANO,** is not required to designate an agent for service of process in the State of Texas. Pursuant to CPRC 17.062, the Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case. This grew out of a collision in which Defendant, **CERA HANO,** was operating the motor vehicle which was involved in this incident in the State of Texas. Service of process may be had in accordance with the Texas Long-Arm Statute by serving the Chairman of the Texas Transportation Commission in Austin, Texas attention: **Mr. Ted Houghton, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas**

***EXHIBIT A***

78701-2483 who shall then forward a copy of this petition upon, Defendant, **CERA HANO**, by registered mail and/or certified mail, return receipt requested at her place of residence at **204 Brooklet Circle, Saint Marys, GA 31558, or wherever she may be found**.

## IV.
## FACTS

On or about September 15, 2017, Plaintiff, **PETE PEREZ**, was walking in the 7122 Block of Marbach Road when suddenly and without warning he was struck by a vehicle that was pulling out of a parking lot, which vehicle was owned by Defendant **PHILLIP HANO**, and was being operated by Defendant **CERA HANO** at the time of the occurrence. As a proximate result of the aforementioned collision, Plaintiff was forcefully knocked to the ground and was caused to suffer serious and permanent injuries and damages as hereinafter described.

## V.
## NEGLIGENT ACTS/OMISSONS
## OF CERA HANO

Plaintiff, **PETE PEREZ**, contends that on the occasion in question, the injuries and damages complained of were proximately caused by the negligent acts and/or omissions of the Defendant, **CERA HANO**, in at least the following particulars:

1. In failing to keep and maintain a proper look out such as a person of ordinary care would have kept in the same or similar circumstances, which constitutes common law negligence and negligence per se, as it is in violation of Texas Transportation Code §545. 417(a);

2. In failing to yield the right of way to Plaintiff while attempting to enter a road or street from a private driveway;

3. In operating a vehicle in willful and wanton disregard for the safety of persons and property, including the Plaintiff herein, which constitutes common law

**EXHIBIT A**

negligence and negligence per se, as it is in violation of Texas Transportation Code §545. 401(a);

4. In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff;

5. In failing to properly turn the vehicle to the right or left so as to avoid hitting Plaintiff;

6. In failing to maintain proper control of her vehicle such as a person of ordinary care would have done in the same or similar circumstances which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545. 060(a); and

7. In failing to operate her vehicle in a safe and prudent manner such as a person of ordinary care would have done under the same or similar circumstance.

Each of the foregoing acts and omissions constitute negligence and/or negligence per se which, whether taken singularly or in combination, were the proximate causes of the collisions made the basis of this cause of action, the injuries suffered by Plaintiff, and the damages sustained by Plaintiff.

## VI.
## NEGLIGENT ENTRUSTMENT

Defendant Phillip Hano is the owner/possessor of the vehicle driven by Defendant Cera Hano, at the time of the collision.  He is guilty of negligent entrustment by allowing Defendant Cera Hano, to operate his vehicle when he knew or should have known that she was an incompetent driver,  or unqualified to operate a motor vehicle, and whose actions and inactions directly caused the collision and personal injury damages sustained by the Plaintiff.

## VII.
## DAMAGES

Plaintiffs further allege that as a direct and proximate result of the conduct, and/or negligent acts of and/or omissions of Defendants, **PHILLIP HANO, AND CERA**

**EXHIBIT A**

**HANO**, or either one of them, Plaintiff is entitled to recover at least the following legal damages:

1.  Medical/health care expenses incurred in the past;

2.  Medical/ health care expenses which, in all reasonable probability, will be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5.  Mental anguish suffered in the past;

6.  Mental anguish which, in all reasonable probability, will be suffered in the future;

7.  Physical impairment/disability, past and future; and

8.  Physical disfigurement, past and future.

Each of the aforesaid injuries and damages was proximately caused by the negligence of the Defendants, jointly and severally, as stated hereinabove and said injuries and damages are in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is more than $100,000.00 but not more than $200,000.00.

## VIII.
## COSTS AND INTEREST

It was necessary for the Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, awards of these costs to the Plaintiff are

**EXHIBIT A**

authorized by Rule 131 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiff is
also entitled pre-judgment and post-judgment interest as allowed by law.

## IX.
## JURY REQUEST

Plaintiff respectfully requests the Court to order a trial on the merits by jury.

## X.
## REQUEST FOR DISCLOSURE

Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE,
Plaintiff requests that Defendants disclose, within 50 days of the service of this petition
and request, the information or material described in RULES 194.2 and 192.3 (a), (b), (c),
(d), (e), (f), (g), (h), (i), (j), (k) and (l) as follows

    a.    The correct names of the parties to the lawsuit:

    b.    The name, address, and telephone number of any potential parties:

    c.    The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

    d.    The amount and any method of calculating economic damages;

    e.    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

    f.    For any testifying expert:

        1.    The expert's name, address, and telephone number;;

        2.    The subject matter on which the expert will testify;

        3.    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

        4.    If the expert is retained by, employed by, or otherwise subject to your control of the responding party:

            (A)    All documents, tangible things, reports, models, or data complications that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

            (B)    The expert's current resume and bibliography;

    g.    Any indemnity and insuring agreements described in Rule 192.3(f);

    h.    Any settlement agreements described in Rule 192.3(g);

## EXHIBIT A

## XIII.
## INTERROGATORIES TO DEFENDANT
## CERA HANO

Pursuant to Rule 197, Texas Rules of Civil Procedure, Plaintiff hereby requests that the Defendant **CERA HANO** answer under oath the Interrogatories attached hereto as Exhibit C within fifty (50) days from service of this petition.

## XIV.
## REQUEST FOR PRODUCTION TO DEFENDANT
## CERA HANO

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff respectfully requests that Defendant **CERA HANO** produce for inspection and copying or photocopying items that are relevant to the subject matter involved in the pending action or are calculated to relate to the discovery of evidence admissible at trial. The items should be produced by mailing a true and correct copy of the requested items to the DAVIS LAW FIRM, 10500 Heritage Blvd., Suite 102, San Antonio, Texas 78216, within fifty (50) days from service of this petition. The items to be produced are attached hereto as Exhibit D.

## XV.
## Prayer

WHEREFORE, Plaintiff prays that the Defendants, **PHILLIP HANO and CERA HANO** be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the following to wit:

1.    Damages, actual, special, and otherwise in an amount of more than $100,000.00 but not more than $200,000.00;

# EXHIBIT A

2.      All costs of Court;

3.      Both pre-judgment and post-judgment interest at the maximum legal rate;

4.      For such other and further relief both general and special, at law and in

equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1515

By: _____
      **JUAN CARLOS MARTINEZ**
      State Bar No. 13142475
      E-mail: JuanM@jeffdavislawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL**

**EXHIBIT A**

CAUSE NO: 2018-CV-04379

| | | |
|---|---|---|
| PETE PEREZ | § | IN THE COUNTY COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| PHILLIP HANO AND CERA HANO | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

# EXHIBIT "C"

### PLAINTIFF'S, PETER PEREZ'S,  FIRST SET OF INTERROGATORIES TO DEFENDANT CERA HANO

*EXHIBIT A*

CAUSE NO: 2018-CV-04379

| | | |
|---|---|---|
| **PETE PEREZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| | § | |
| **PHILLIP HANO AND CERA HANO** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

## <u>PLAINTIFF'S, PETER PEREZ'S, FIRST SET OF INTERROGATORIES TO DEFENDANT CERA HANO</u>

TO: Defendant, CERA HANO

Plaintiff PETER PEREZ serves these interrogatories on Defendant, CERA HANO, pursuant to Texas Rules of Civil Procedure 192 and 197. These interrogatories are being served with Plaintiffs Original Petition and Requests for Disclosure. Defendant must answer each interrogatory separately, fully, in writing, and under oath, within 50 days of being served with the lawsuit.

Respectfully submitted,

**THE DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1515

By: _____
    **JUAN CARLOS MARTINEZ**
    State Bar No. 13142475
    E-mail: JuanM@jeffdavislawfirm.com

**ATTORNEYS FOR PLAINTIFF**

*EXHIBIT A*

## INSTRUCTIONS AND DEFINITIONS

Each of the items under the heading "Interrogatories" is an interrogatory propounded pursuant to the provisions of Rule 197, Texas Rules of Civil Procedure, and Plaintiffs require that the Defendant or some person competent to testify on its behalf, submit answers to same in writing and under oath within the time required. In answering these interrogatories furnish all information available to you and any other person acting on your behalf. Such interrogatories are considered as continuing, and you are requested to provide by way of supplemental answers hereto any additional information that you or any of the persons acting on your behalf hereafter obtain which will augment or otherwise modify your answers below. Such supplemental answers are to be served upon the undersigned upon receipt of such additional information.

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      **"Plaintiff or "defendant,"** as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      **"You" or "your"** means the individual or individuals to whom this set of Interrogatories is propounded, their successors, predecessors, agents, and all other persons acting on behalf of them or their successors, predecessors, or agents.

3.      **"Document"** means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. **"Document"** includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faces, invoices, tape recordings, computer printouts, drafts, resumes, logos, and worksheets.

4.      **"Electronic or magnetic data"** means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have

2

**EXHIBIT A**

attached c o m m e n t s , notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files, batch files; deleted files;

Temporary files; Internet-or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated circuit cards (e.g., SIM cards),removable media (e.g., Zip drives, Jaz cartridges), microfiche, and/or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5.     **"Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.     **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.     **"Mobile device"** means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8.     **"Incident"** or **"accident"** or **"collision"** or **"occurrence"** "or **"alleged occurrence"** or **"accident forming the basis of this suit" or words of similar import** means the events that occurred on or about September 15, 2017, as more particularly described in Plaintiffs Original Petition and any amendments to it.

9.     **"Identify" or "describe,"** when referring to a person, means you must state the following:

a.     The full name.

b.     The present or last known residential address and residential telephone number.

c.     The present or last known office address and office telephone number.


10.     **"Identify" or "describe,"** when referring to a document, means you must state the following:

a.     The nature of the document (e.g., letter, hand written note).

2

**EXHIBIT A**

b.    The title or heading that appears on the document.

c.    The date of the document and the date of each addendum, supplement, or other addition or change.

d.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

e.    The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

**EXHIBIT A**

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify the person answering these interrogatories by stating your full name, address, telephone number, date of birth, driver's license number, and occupation.

**ANSWER:**

**INTERROGATORY NO.2:**
Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO.3:**
Please give your version and description of how the accident forming the basis of this suit occurred, including the estimated speed of your vehicle immediately before the accident occurred, the estimated speed of your vehicle upon impact with Plaintiff's vehicle, and your opinion, if any, as to why the collision occurred.

**ANSWER:**

*EXHIBIT A*

**INTERROGATORY NO.4:**

With respect to the collision which forms the basis of plaintiffs lawsuit, please describe every evasive action you took in sequential order, to try to avoid the collision which forms the basis of plaintiffs lawsuit.

**ANSWER:**

**INTERROGATORY NO.5:**

If you were not the owner of the vehicle you were driving at the time of the incident made the basis of this suit, please state the name and address of the owner of such vehicle.

**ANSWER:**

**INTERROGATORY 6 :**

Please state whether at the time of the accident made the basis of this lawsuit you were acting in the course and scope of any employment or agency, and if so, please state in whose employ or agency you were acting, identifying the employer or principal by name, address and phone number.

**ANSWER:**

*EXHIBIT A*

**INTERROGATORY NO.7:**

Please describe any vehicular accidents you were involved in, as either a passenger or driver, within the past ten (10) years.  Please include in your response the date, location, city and state, and the jurisdiction of any law enforcement agency that responded to each respective accident.

**ANSWER:**

**INTERROGATORY NO. 8:**

Please state whether your driver's license has ever been suspended or revoked and, if so, state the date of such suspension or revocation, the reason for such suspension or revocation, and time period during which your license was suspended or revoked.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please state any and all citations for traffic violations that have been issued to you during the ten (10) year period immediately preceding the accident forming the basis of this lawsuit, the nature of the citations and/or violations, the date of issuance of such citations and/or violations, and the location where such citation and/or violations were issued.

**ANSWER:**

*EXHIBIT A*

**INTERROGATORY N O .  1 0 :**
If you have been arrested, charged or convicted of any felony or any crime involving moral
turpitude within the last ten (10) years, please state the charge or conviction and the jurisdiction,
date and outcome of the offense.

**ANSWER;**

**INTERROGATORY NO. 11:**
State whether you consumed  any alcoholic beverage or took  any prescription  or
nonprescription drug or medication in the 24-hour period before the collision, and identify the
beverage or drug by brand name, time of consumption, and amount, and if a prescription drug,
identify the prescribing doctor and the prescription number.

**ANSWER;**

**INTERROGATORY NO. 12:**
State all factors you contend contributed to cause the accident, including any mechanical or
equipment failure.

**ANSWER;**

*EXHIBIT A*

**INTERROGATORY NO. 13:**
If you contend that plaintiff was not injured as a result of the accident made the basis of this suit
state generally the facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 14:**
If you contend that the damages made the basis of plaintiffs claims are caused by any
preexisting or subsequent disease, injury, bodily condition, or any combination thereof, state the
factual basis for your contention.

**ANSWER:**

**INTERROGATORY N0.15:**
Please give the substance of any conversation you had with the Plaintiff after the alleged
occurrence.

**ANSWER:**

**INTERROGATORY N0.16:**
Please state the factual basis for any and all defenses contained in the answer you have filed and
any amendments thereto.

**ANSWER:**

*EXHIBIT A*

**INTERROGATORY NO. 17:**

If you presently wear glasses, corrective lenses or a hearing aid, or if glasses, corrective lenses or hearing aids have ever been prescribed for you, identify the prescribing doctor and the medical reason the glasses, corrective lenses and/or hearing aid was prescribed. Also state whether you were wearing your glasses, corrective lenses and/or hearing aid at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 18:**

Describe the damage(s) to the vehicle you were operating at the time of the accident made the basis of this lawsuit, including in your response any actual and/or estimated cost of repairs.

**ANSWER:**

**INTERROGATORY NO. 19:**

Please state whether you were talking or texting on a cell phone at the time of the accident forming the basis of this suit, and if so, please list the cellular service provider for that cell phone, the telephone phone number of your cellular device, the billing address for such cellular service and the name on the cellular service account.

**ANSWER:**

*EXHIBIT A*

**INTERROGATORY NO. 20:**

Pursuant to Rule 609(f), Texas Rules of Evidence, please state evidence of any conviction (by stating the offense, disposition, year of the offense, cause number, court, and county in which the offense occurred) which you intend to use at the trial of this matter regarding Plaintiff or any witnesses identified as trial witnesses by Plaintiff.

**ANSWER:**

*EXHIBIT A*

VERIFICATION

THE STATE OF TEXAS       §
                                    §

COUNTY _____             §

BEFORE ME, the undersigned authority, on this day personally appeared CERA HARO, the named Defendant herein, and after being by me duly sworn stated that she has read the foregoing answers and responses to Plaintiff's First Set of Interrogatories and states that the facts contained in such answers are within her personal knowledge, and that the answers and responses are true and correct.

_____
CERA HARO

SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____, 2018, to certify which witness my hand and seal of office.

_____

Notary Public, State of _____

My Commission Expires:

_____

*EXHIBIT A*

CAUSE NO: 2018-CV-04379

| | | |
|---|---|---|
| PETE PEREZ | § | IN THE COUNTY COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| PHILLIP HANO AND CERA HANO | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

# EXHIBIT "D"

## PLAINTIFF'S, PETE PEREZ'S, FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CERA HANO

**EXHIBIT A**

CAUSE NO: 2018-CV-04379

| | | |
|---|---|---|
| **PETE PEREZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3** |
| | § | |
| | § | |
| **PHILLIP HANO AND CERA HANO** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |

<u>**PLAINTIFF'S, PETE PEREZ'S, FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT CERA HANO**</u>

TO: Defendant, CERA HANO

Plaintiff PETE PEREZ serves these requests for production on Defendant CERA HANO, pursuant to Texas Rules of Civil Procedure 192, 196, 197 and 198. All documents and tangible things responsive to these discovery requests from Defendant should be produced for inspection and copying at the offices of DAVIS LAW FIRM, 10500 Heritage Blvd. #102, San Antonio, Texas 78216, on the date your response hereto is due, or at such other time and place as counsel for the parties may agree upon. Defendant must answer these discovery requests within 50 days after service of this lawsuit. In answering these discovery requests, please follow the Instructions and Definitions set forth herein.

Respectfully submitted,

**THE DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 870-1515

By: _____
    **JUAN CARLOS MARTINEZ**
    State Bar No. 13142475
    E-mail: JuanM@jeffdavislawfirm.com

**ATTORNEYS FOR PLAINTIFF**

*EXHIBIT A*

### INSTRUCTIONS

1.      Pursuant to the provisions of Rule 196 TRCP, Plaintiff requests Defendant to produce and permit Plaintiff, Plaintiffs attorneys, or anyone acting on Plaintiffs  behalf to inspect, sample, test, photograph and/or copy the below designated documents or tangible things/items which constitute or contain matters within the scope of Rule 196 TRCP, which are in the possession, custody or control of you, your agents, servants or attorneys.   The items subject to this Request for Production shall be produced at the Offices of DAVIS LAW FIRM, 10500 Heritage Blvd. #102, San Antonio, Texas 78216.   You are advised that pursuant to Rule 196 TRCP, you are required to file a written response within thirty (30) days after service of the Request, which shall state, with respect to each document/item or category of documents/items, that inspection or other requested action will be permitted as requested and that you will comply with this request except to the extent that objections are made stating specific reasons why such discovery will not be allowed, or that the requested items/documents are being produced with the response, or that the inspection or requested action will take place at a specified time and place if objection is being made to the time and place of production, or that no items have been identified – after a diligent search- that are responsive to the request.

2.      You are further required to produce the original documents and tangible things/items for inspection as they are kept in the usual course of business, or shall organize and label them to correspond with the categories in this Request for Production. In this regard, you are requested to produce each document, recording, tangible thing or other data, by attaching copies of the documents requested, bound together, marked "produced pursuant to Request for Production No. _(indicate the appropriate Request No.)".

3.      In connection with this Request for Production and copying, if you do not have care, custody, or control or reasonable access to the original documents or other items subject to this Request, you are requested to produce a true, correct, complete and authentic copy of the original for the purposes of the production. If you do not have any specific documents/items (original or copies thereof) to be produced, please identify the documents/items you do not have and provide an explanation of the whereabouts of such documents/items, providing the name and address of the person who has care, custody, and reasonable access to such documents/items requested to be

*EXHIBIT A*

produced. If you do not have a complete original or copy of the original, you shall produce as much of the document/item as you have, along with an explanation. If you have reason to believe that the "original" or "copy" thereof has been altered, modified or amended or otherwise changed since the date of the origination of the documents/items, you shall provide for the purposes of this Request all such "originals" and such "copies" along with an explanation of the whereabouts of the original documents/items and the reasons for the modifications to the "originals" and/or "copies" thereof.

## PRIVILEGE

If you claim that any response to the written discovery is privileged, your attention is directed to Rule 193.3 TRCP.

## DEFINITIONS

1.    When requested herein to give the **"date" or "approximate date"** of when an event occurred, give the complete date, if known, by stating month, day, and year. If the complete date is not known, give what information is known regarding the date and fin1her, identify the date by reference to its relationship in time to other significant, relevant events for which a date is known.

2.    **"Plaintiff(s)" or "Defendant(s)":** As used herein, these terms include their respective officers, directors, partners, employees, servants, agents, attorneys and gender and number as the text of the interrogatory may require.

3.    **"You":** As used herein, the term **"you"** refers to Defendant, **CERA HARO,** her servants, agents, attorneys, representatives and anyone acting on her behalf.

4.    **"Incident" or "Occurrence":** Reference to the term **"Incident" or "Occurrence"** or **words of similar import** means the incident which occurred on or about September 15, 2017, and which allegedly involved Defendant **CERA HARO,** and which is generally described in the petition filed in this cause.

5.    **"Document":** As used herein, the term **"document"** means any written, typed, printed, reported, recorded, graphic or photographic matter or sound reproduction, however produced or reproduced, which is in your possession, custody or control, including but not limited to, all letters, work orders, pamphlets, brochures, periodicals, telegrams, telexes, cables, telephone records and notations, invoices, ledgers, journals and other formal or informal books of record and account, minutes, bulletins, instructions, financial statements, photographs, repm1s,

## EXHIBIT A

memoranda, notes, notebooks, drafts, worksheets, contracts, agreements, computer data, computer printouts, computer software, computer programs, tape recordings, video recordings, motion picture films, warranties, transcriptions, intra-office drafts of the foregoing items, and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the originals. Without limitation to the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. If any document requested was, but is no longer, in your possession or subject to your control, state what disposition was made of it, and the date or dates or approximate date or dates on which such disposition was made.

6. **"Identify" or "Identification":**

(a) When used in reference to a person, **"identify" or "identification"** means to state his/her full name, present or last known address, telephone number, title, occupation, present employer and present business address and business telephone number.

(b) When used in reference to a public or private corporation, governmental entity, partnership or association, **"identify" or "identification"** means to state its full name, present or last known pertinent business address or operating address and the name of its chief executive officer: and

(c) When used with respect to a document, **"identify" or "identification"** means to state the date, subject and substance, author, all recipients, type of document, its present location and the identity of each of its present custodians. If any such document was, but no longer is, in your possession, custody, or control, or the control of your agents or representatives, state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others, identifying the other or others; (d) was otherwise disposed of, and in each such instance, explain the circumstances surrounding an authorization for such disposition. In lieu of **"identification" of** the document, the Plaintiff may attach a copy of such document to the answers.

7. **"Witness Statement":** Regardless of when the statement was made, a **"witness statement"** is 1) a written statement signed or otherwise adopted or approved in writing by the person making it or 2) a stenographic, mechanical, electrical, or other type of recording of a witnesses' oral statement, or any substantially verbatim transcription of such a recording.

## *EXHIBIT A*

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any photographs pictures, movies, motion pictures or videotapes of the Plaintiff or any of the persons involved in the incident, the incident site, the motor vehicle or scooter involved, or any other subject matter involved in the incident referred to in Plaintiffs Original Complaint made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents that show or relate to the damage to any of the vehicles involved in this case including, but not limited to, any estimates or bills for repair of the vehicles involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce a copy of the front and back of your driver's license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents concerning any prior arrests or convictions of the Plaintiff, Defendant(s) or any other witness which Defendant has in its possession.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO.5:**

All maps, surveys, diagrams, or other documents that show the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents or statements that show the identity of any witness to the incident made the basis of this lawsuit, or any other person with knowledge of relevant facts concerning the incident made the basis of this lawsuit, the events leading up to it, or any damage sustained by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.7:**

All written documents, including police reports describing any investigation of the subject incident conducted by any person, including Defendant or any of Defendant's insurance carriers or by any agent of Defendant prior to the time suit was filed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.8:**

Please produce a full and complete copy of the automobile insurance policy maintained by you and covering the vehicle involved in the accident in question. In response to this request, please produce a copy of the policy declaration page and any and all riders or addendums to the policy in effect at the time of the accident in question.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 9:**

Produce all exhibits you intend to offer during the trial of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, records, written memoranda or any other written or photographic materials pertaining to the factual observations, tests, supporting data, calculations, x-rays, photographs and opinions of each auto parts retailer, wholesaler, automotive service entity, body shop, or other individual or business establishment who either repaired the vehicle you were operating at the time of the occurrence made the basis of this litigation matter or who provided an estimate in writing for the repair of said vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all estimates of repair, inspections reports, and photographs reflecting damage resulting from the occurrence made the subject of this lawsuit to any of the vehicles involved in the occurrence made the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents, medical records, written memoranda or anything else in wntmg concerning all factual observations, tests, supporting data, calculations, x-rays, photographs and opinions of each physician, surgeon, chiropractor, osteopath, psychiatrist, psychologist, physiologist, or other practicing member of the healing arts, hospitals, pharmacies, and any other persons or institutions from whom you have sought an opinion regarding the damages and/or injuries Plaintiff claims to have suffered as a result of the occurrence made the basis of this lawsuit.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents, records, writings, invoices, bills, statements, prescriptions, prostheses, or anything else in writing reflecting charges for treatment given by each and every physician, surgeon, chiropractor, osteopath, psychiatrist, psychologist, physiologist or other practicing member of the healing arts, hospitals, pharmacies, and any other persons or institutions who have rendered medical treatment or furnished medicines, drugs or supplies to Plaintiff for any disease, injuries or pain resulting from the matters made the basis of this lawsuit, which you have obtained by virtue of any medical authorization supplied by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all responses to depositions on written questions, and any attached exhibits or records thereto, obtained by you in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all depositions on written questions and responses thereto, together with any documents and/or tangible things obtained thereby, in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce a copy of Defendant's driving record for the past five years.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of any and all records relating to any criminal convictions against Defendant for the past ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce a copy of any documents reflecting your status as an employee or agent at the time of the occurrence made the subject of this suit.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all relevant documentation evidencing or otherwise supporting your defenses set forth in any live pleadings you have filed with the trial court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all photographs or videos of Plaintiff.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documentation relating to the subject incident or occurrence relating to any investigation of such incident or occurrence performed by you or any other named Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents, materials or tangible items evidencing or otherwise reflecting any statement made by a witness to the underlying incident, as the term "witness statement" is defined by Texas Rule of Civil Procedure 192.3(h), made by any person possessing knowledge of facts relevant to this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce copies of all photographs, motion pictures, video television recordings, models, maps, drawings, charts, diagrams, measurements, surveys, or other documents concerning the claims made in this litigation, the events and happenings made the basis of this lawsuit, the scene of the alleged incident, persons or objects involved, either made before, at the time of, or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, or anyone acting on your behalf may have or know of.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents, reports, written memoranda, notes, tests, data, calculations, photographs and mental impressions and opinions of any expert witness that Defendant may call to testify by way of deposition or at trial. If the testifying expert's opinions and mental impressions have not been reduced to a written report, this Plaintiff requests Defendant to cause the testifying expert to prepare a written report setting forth the mental impressions and opinions of your testifying expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents, records, reports, written memoranda, notes, tests, data, calculations, photographs, and mental impressions or opinions of any expert used for consultation, which form the basis, either in whole in part, of the opinions of the expert witness who may be called to testify at trial, or which have been reviewed by any expert witness who may be called to testifY at trial. TRCP 192.3(e).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all data, reports, documents or other tangible materials reflecting any and all state, federal and/or local safety statutes, standards, guidelines or regulations which are applicable to the incident giving rise to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any and all documents which relate, pertain to and/or describe all car accidents in which Defendant was involved in the past five years.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 28:**

Produce all reports, documents, written memoranda or any other writing referring or relating to any investigation of the incident made the basis of this lawsuit. This Request for Production does not seek or otherwise request information defined as attorney-work product pursuant to T.R.C.P. 192.5.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all copies of any public or business records relevant to your legal or factual contentions in this cause, or those public or business records which you contend will support allegations contained within your live pleadings, including those public or business records which may or will be introduced into evidence at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all police, fire, paramedic, ambulance or governmental (federal, state or local) reports prepared in connection with the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Produce all newspaper or other media accounts of the incident made the basis of this lawsuit and related events, whether written or contained in another form of tangible media.

**RESPONSE:**

*EXHIBIT A*

**REQUEST FOR PRODUCTION NO. 32:**

Produce all diaries, journals, notes, memoranda or other tangible materials maintained by you as a result of the alleged occurrence, which delineate or refer to any alleged expenses or damages incurred resulting from this incident made the basis of this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Indemnity and insuring agreements and policies (including all declaration sheets and attached endorsements and addendums) of any insurer which may be liable to satisfy, indemnify or reimburse payments for part or all of any judgment in this suit, as defined and authorized per Tex. R. Civ. P. 192.3(f).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Trial exhibits, if the Court has ordered disclosure per Tex. R. Civ. P. 192.5(c)(2), 166, and/or 190.4.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Documents which support any defenses you are claiming or raising and/or which are contained in any answers you have filed in this lawsuit.

**RESPONSE:**

***EXHIBIT A***

**REQUEST FOR PRODUCTION NO. 36:**

All documents that show or relate to the damage to the vehicles involved in this case including, but not limited to, any estimates or bills for repair of the vehicles involved.in the incident referred to in Plaintiffs Original Petition made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Please produce a true and correct copy of any and all insurance policies that provide, or may provide, coverage for the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a true and correct copy of any and all reservation of rights letters or non-waiver agreements.

**RESPONSE:**

*EXHIBIT A*